IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SEAN ROMERO,                                        )
                                                    )
        Plaintiff,                                  )
                                                    )
vs.                                                 )
                                                    )
DIVERSIFIED CONSULTANTS, INC.,                      )
                                                    )
        Defendant.                                  )

## COMPLAINT

## INTRODUCTION

1. Plaintiff Sean Romero brings this action to secure redress from unlawful credit and collection practices engaged in by defendant Diversified Consultants Inc. Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"), and the Illinois Consumer Fraud Act, 815 ILCS 505/2 ("ICFA").

2. The TCPA restricts the use of automated equipment to dial cellular telephones.

## VENUE AND JURISDICTION

3. This Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 1367.

4. Venue and personal jurisdiction in this District are proper because:

    a. Defendant's collection communications were received by plaintiff within this District;

    b. Defendant transacts business within this District.

## PARTIES

5. Plaintiff Sean Romero is an individual who resides in the Northern District of Illinois.

6. Defendant Diversified Consultants Inc., is a Florida corporation with a principal office located at 10550 Deerwood Pl., Blvd., Suite 309, Jacksonville, Florida 32256. It does or transmits business in Illinois. Its registered agent and office is John R. Crawford, Esq., 1200

1

Riverplace Blvd., Suite 800, Jacksonville, Florida 32207.

7. Diversified Consultants Inc., is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

## FACTS

8. Defendant has been attempting to collect an alleged debt from plaintiff.

9. Plaintiff has received a series of at least 32 calls on his cell phone from 630-256-8942, 630-701-6223, 630-701-6222, 312-985-0102, 312-985-0095, and 312-985-0083.

10. Plaintiff received calls from the 630-256-8942 number on the following dates:

> January 14, 2014, at 8:12 am, 11:40 am and 1:53 pm
> January 20, 2014, at 9:53 am and 3:53 pm
> January 21, 2014, at 8:49 am and 3:19 pm
> January 22, 2014, at 11:21am and 6:19 pm
> January 28, 2014, at 9:35 am, and 3:53 pm
> January 28, 2014, at 6:21 pm

11. Plaintiff received calls from the 630-701-6223 number on the following date:

> January 29, 2014, at 2:14pm, 5:22:20 pm, and 5:22:26 pm

12. Plaintiff received automated calls from the 630-701-6223 number on the following date:

> January 23, 2014, at 3:37 pm and 5:54 pm

13. Plaintiff received calls from the 630-701-6222 number on the following dates:

> January 24, 2014, at 8:32 am, 11:37 am, 2:14 pm and 3:47 pm
> January 27, 2014, at 10:21 am, and 6:52 pm
> January 30, 2014, at 10:23 am, and 5:25 pm

14. Plaintiff received an automated call from the 630-701-6222 number on the following date:

> January 25, 2014, at 8:23 am

15. Plaintiff received calls from the 312-985-0102 number on the following dates:

> January 31, 2014, at 11:09 am
> February 6, 2014, at 2:08 pm

Case: 1:14-cv-01121 Document #: 1 Filed: 02/17/14 Page 3 of 6 PageID #:3

16. Plaintiff received automated calls from the 312-985-0095 number on the following dates:

> February 1, 2014, at 8:15 am
> February 7, 2014, at 2:26 pm

17. Plaintiff received automated calls from the 312-985-0083 number on the following dates:

> February 5, 2014, at 1:22 pm
> February 8, 2014, at 8:10 am

18. The numbers 630-256-8942, 630-701-6223, 630-701-6222, 312-985-0102, 312-985-0095, and 312-985-0083 are issued to the defendant.

19. On information and belief, the calls were placed using predictive dialers. The predictive dialers place calls without human intervention until a connection is made, in which case the dialers attempt to connect the recipient with a debt collector.

20. Plaintiff did not authorize the automated placement of calls to his cell phone.

21. Plaintiff did not furnish his cell phone number to defendant.

22. Plaintiff is entitled to statutory damages.

23. Defendant violated the TCPA even if their actions were only negligent.

24. Defendant should be enjoined from committing similar violations in the future.

### COUNT I – TCPA

25. Plaintiff incorporates paragraphs 1-24.

26. The TCPA, 47 U.S.C. §227, provides:

> **§ 227. Restrictions on use of telephone equipment**
>
> **. . . (b) Restrictions on use of automated telephone equipment.**
>
> **(1) Prohibitions. It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States–**
>
>> **(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or**

>   prerecorded voice–
>
>>   **(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call; . . .**

27. The TCPA, 47 U.S.C. §227(b)(3), further provides:

>   **Private right of action.**
>
>   **A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State–**
>
>>   **(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,**
>>
>>   **(B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or**
>>
>>   **(C) both such actions.**
>
>   **If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.**

28. Defendant violated the TCPA by placing automated calls to plaintiff's cell phone.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff against defendant for:

>   (1)   Statutory damages;
>
>   (2)   An injunction against further violations;
>
>   (3)   Costs of suit;
>
>   (4)   Such other or further relief as the Court deems just and proper.

## COUNT II – ILLINOIS CONSUMER FRAUD ACT

29. Plaintiff incorporates ¶¶ 1-24.

30. Defendants engaged in unfair acts and practices, in violation of ICFA § 2, 815 ILCS 505/2, by phoning multiple robocalls to plaintiff's cell phone.

31. Defendant's conduct is contrary to public policy, as set forth in the TCPA.

32. Plaintiff suffered damages as a result of receipt of the calls.

33. Defendants engaged in such conduct in the course of trade and commerce.

34. Defendants should be enjoined from committing similar violations in the future.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff against defendant for:

 (1) Compensatory and punitive damages;

 (2) An injunction against further violations;

 (3) Attorney's fee, litigation expenses and costs of suit;

 (4) Such other or further relief as the Court deems just and proper.

s/Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
EDELMAN, COMBS, LATTURNER
 & GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

## NOTICE OF LIEN AND ASSIGNMENT

        Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

                                                      s/Daniel A. Edelman
                                                      Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
      & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)